UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                                                                    Case No. 17-41193

MARINA C. VOZZA,                                                              Chapter 7

                Debtor.                                                    Judge Thomas J. Tucker
_____/

**OPINION AND ORDER DENYING DEBTOR'S "MOTION TO SET ASIDE DISCHARGE FOR ENTRY OF REAFFIRMATION AGREEMENT"**

On January 30, 2017, the Debtor filed a voluntary petition for relief under Chapter 7, commencing this case. On May 9, 2017, the Court entered an order granting the Debtor a discharge under 11 U.S.C. § 727 (Docket # 17). On June 26, 2017, the Debtor filed a motion to set aside the discharge (Docket # 19, the "Motion"). The Motion says that the Debtor seeks to set aside her discharge "to allow the creditor to file [a] Reaffirmation Agreement on behalf of creditor U.S. National Bank Association, successor in interest to Bank of America." (Mot. at ¶ 5.) The Motion also says that the Debtor's attorney did not receive a reaffirmation agreement signed by the creditor until May 9, 2017, the day the discharge order was entered, and the Debtor's attorney therefore did not have time to have the Debtor "sign the Reaffirmation Agreement and return it to the creditor before the Discharge was entered." (*See id.* at ¶¶ 2-4.)

The Debtor's Motion must be denied, for the following reasons.

Vacating the discharge, as the Motion seeks, would serve no useful purpose. Under 11 U.S.C. § 524(c)(1), a reaffirmation agreement is not enforceable unless it "was made before the granting of the discharge under section 727." The Motion indicates that the Debtor and U.S. National Bank Association did not make the reaffirmation agreement at issue before the Debtor was granted a discharge on May 9, 2017, because the Debtor did not sign the agreement before that time. The Motion therefore fails to demonstrate that there can be an enforceable reaffirmation agreement between these parties in this case.

An order setting aside the discharge, as the Debtor's Motion seeks, would not cure this problem. The historical fact is that the discharge was granted on May 9, 2017, and vacating the discharge would not change that historical fact and its impact under § 524(c)(1). *See In re Herrera*, 380 B.R. 446, 449-55 (Bankr. W.D. Texas 2007) and cases cited therein.

The Court further notes that the deadline to file a reaffirmation agreement is established by Fed. R. Bankr. P. 4008(a) — the deadline is "no later than 60 days after the date first set for the meeting of creditors under § 341(a) of the Code." In this case, that deadline was May 8, 2017. Rule 4008(a) also provides that the Court may extend this deadline. But Fed. R. Bankr. P. 4004(c)(1)(J) contemplates that such a motion to extend can only be granted if the discharge has

not yet been granted.  *See* Fed. R. Bankr. P. 4004 advisory committee notes to 2008 Amendments ("Rule 4004(c)(1)(J) accommodates . . . an extension [of time for filing a reaffirmation agreement] by providing for a delay in the entry of discharge during the pendency of a motion to extend the time for filing a reaffirmation agreement.").  The Debtor could have filed a motion, at any time on or before May 8, 2017, to extend the deadline for filing a reaffirmation agreement, and to delay the discharge accordingly.  But the Debtor did not do so.  Because the discharge was granted, on May 9, 2017, it is now too late for such a motion to extend.

For these reasons, the Court must deny the Motion.

Accordingly,

IT IS ORDERED that the Motion (Docket # 19), is denied.

**Signed on June 27, 2017**                              /s/ **Thomas J. Tucker**
                                                         **Thomas J. Tucker**
                                                         **United States Bankruptcy Judge**